**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ASHDEN GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED: JULY 29, 2008 |
| vs. | ) | 08CV4300 |
| | ) | JUDGE PALLMEYER |
| CITY OF CHICAGO, ILLINOIS, | ) | MAGISTRATE JUDGE ASHMAN |
| CHICAGO POLICE OFFICERS | ) | TG |
| D. NICHOLS, Star No. 12415, and | ) | |
| M. LEANO, Star No. 4303, | ) | |
| COUNTY OF COOK, UNKNOWN | ) | |
| COOK COUNTY SHERIFFS, and | ) | |
| UNKNOWN MEDICAL PERSONNEL | ) | |
| At COOK COUNTY HOSPITAL, | ) | |
| (Stroger), | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Now comes Plaintiff, ASHDEN GLOVER, ("Plaintiff"), by and through his attorneys, Jeffrey B. Granich and Katie Z. Ehrmin, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), Defendant CHICAGO POLICE OFFICERS D. NICHOLS, Star No. 12415 and M. LEANO, Star No. 4303, ("Defendant Officers"), COUNTY OF COOK, UNKNOWN COOK COUNTY SHERIFFS, and UNKONWN MEDICAL PERSONNEL at COOK COUNTY HOSPITAL, (Stroger):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Ashden Glover was a male resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

7. Defendant County of Cook is empowered and directed to pay any judgment for compensatory damaged (and associated attorneys' fees and costs) for which any Cook County Sheriff's Department deputy, including Defendants Unknown Cook County Sheriffs and Unknown Medical Personnel at Cook County Hospital (Stroger), acting within the scope of his/her employment is found liable. Accordingly, Cook County is an indemnification party to Count III of this Complaint.

8. At all times relevant hereto, Defendants Unknown Cook County Sheriffs were employed by the Cook County Sheriff's Department, and were acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Department. Defendants Unknown Cook County Sheriffs are being sued in their individual/personal capacity.

9. At all times relevant hereto, Defendants Unknown Medical Personnel at Cook County Hospital (Stroger) were employed by the County of Cook, and were acting under color of state law and as the employee, agent, or representative of the County of Cook. Defendants Unknown Medical Personnel at Cook County Hospital (Stroger) are being sued in their individual/personal capacity.

## FACTUAL ALLEGATIONS

10. On July 31, 2006, Plaintiff was at his grandmother's residence at 5135 S. Federal, #508 in Chicago, Cook County, Illinois.

11. At this time, one or more Defendant Police Officers entered the residence without a search warrant, without an arrest warrant, and without exigent circumstances.

12. At this time, Defendant Officers handcuffed Plaintiff, placed him on the ground, and unconstitutionally searched Plaintiff without a search warrant, without an arrest warrant, and without probable cause to believe Plaintiff had committed or was in the commission of a crime.

13. At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

14. Plaintiff was transported to the 2nd District Chicago Police Station where He was falsely charged with violation of 720 ILCS 570.0/402 and held in custody in Cook County Department of Corrections, for approximately four weeks.

15. While in custody at Cook County Department of Corrections for this false charge, Plaintiff's knee was broken.

16. Plaintiff immediately requested medical treatment from one or more Defendant Unknown Cook County Sheriffs. One or more Defendant Unknown Cook County Sheriffs were deliberately indifferent to Plaintiff's health and welfare by their deliberate failure to obtain treatment from medical personnel for Plaintiff's objectively serious medical condition.

17. Plaintiff was ultimately taken to Cook County Hospital (Stroger) where despite Plaintiff's obvious need for immediate medical attention, one or more Defendant Unknown Medical Personnel at Cook County Hospital (Stroger), acting with deliberate indifference, failed to treat Plaintiff and provide him with the necessary corrective surgery.

18. Plaintiff's broken knee remained virtually untreated for the remainder of his time in custody causing Plaintiff to experience excruciating pain and suffering and exacerbating his condition.

19. On August 29, 2006, the above false charge was dismissed against Plaintiff.

20. Following his release from Cook County Department of Corrections, Plaintiff was taken to the University of Chicago Hospital where he received immediate corrective surgery for his objectively serious medical condition.

## Count I – 42 U.S.C. § 1983 False Arrest

21. Plaintiff re-alleges paragraphs 1 through 20 as if fully repleaded herein.

22. On July 31, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

23. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct

          committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

25. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Unlawful Search

26. Plaintiff re-alleges paragraphs 1 through 20 as if fully repleaded herein.

27. Defendant Officers searched Plaintiff's person and residence on July 31, 2006 without a search warrant and without probable cause to believe Plaintiff was

committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

28. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

6

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

30. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III – 42 U.S.C. § 1983 Due Process Claim

31. Plaintiff re-alleges paragraphs 1 through 20 as if fully repleaded herein.

32. By failing to obtain medical treatment for Plaintiff despite one or more Defendant Cook County Employees' knowledge that Plaintiff was suffering from serious injuries, and despite his requests for medical treatment, one or more Defendant Cook County Employees were deliberately indifferent to Plaintiff's health, injuries, and safety.

33. Defendant Cook County Employees' deliberate indifference to the health, injuries, and safety of Plaintiff proximately resulted in severe physical and emotional harm to Plaintiff.

34. The misconduct described in this count constitutes a violation of the Due Process clause of the Fourteenth Amendment.

35. As a direct and proximately result of Defendant Cook County Employees' acts or omissions, Plaintiff suffered severe, physical, emotional, and financial damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Cook County Employees and Defendant County of Cook in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in

punitive damages against these Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV – 42 U.S.C. § 1983 Eighth Amendment

36. Plaintiff re-alleges paragraphs 1 through 20 as if fully repleaded herein.

37. By failing to obtain medical treatment for Plaintiff despite one or more Defendant Cook County Employees' knowledge that Plaintiff was suffering from serious injuries, and despite his requests for medical treatment, one or more Defendant Cook County Employees were deliberately indifferent to Plaintiff's health, injuries, and safety

38. Defendant Cook County Employees' deliberate indifference to the health, injuries, and safety of Plaintiff proximately resulted in severe physical and emotional harm to Plaintiff.

39. The misconduct described in this count constitutes a violation of Plaintiff's rights under the Eighth Amendment to the Constitution of the United States.

40. As a direct and proximately result of Defendant Cook County Employees' acts or omissions, Plaintiff suffered severe, physical, emotional, and financial damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Cook County Employees and Defendant County of Cook in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against these Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V—Malicious Prosecution

41. Plaintiff re-alleges paragraphs 1 through 20 as if fully repleaded herein.

42. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

43. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

44. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

45. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

46. On August 29, 2006, Plaintiff's case was dismissed.

47. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## **Count VI – Intentional Infliction of Emotional Distress**

48. Plaintiff re-alleges paragraphs 1 through 20 as if fully repleaded herein.

49. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

50. Defendant Officers' illegal arrest, and unlawful seizure of Plaintiff and one or more Defendants' deliberate indifference to the health, injuries, and safety of Plaintiff were committed with intentional disregard for Plaintiff's innocence and well-being, and amount to extreme and outrageous conduct against Plaintiff.

51. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

52. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VII—State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

53. Plaintiff re-alleges paragraphs 1 through 20 as if fully re-pleaded herein.

54. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

55. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VIII—Claims Against Defendant County of Cook for Indemnification

56. Plaintiff re-alleges paragraphs 1 through 20 as if fully re-pleaded herein.

57. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, County of Cook is empowered and directed to pay any judgment for compensatory damages (an any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, including Defendants Unknown Cook County Sheriffs and Unknown Medical Personnel at Cook County Hospital (Stroger), acting within the scope of his/her employment is found liable.

58. The acts and/or omissions of Defendants Unknown Cook County Sheriffs and Unknown Medical Personnel at Cook County Hospital (Stroger) were committed within the scope of their employment.

59. In the event that a judgment for compensatory damages is entered against Defendants Unknown Cook County Sheriffs and Unknown Medical Personnel at Cook County Hospital (Stroger), County of Cook must pay the judgment as well as the associated attorneys' fees and costs.

ASHDEN GLOVER,
Plaintiff,

By: /s/ Jeffrey G. Granich
    Jeffrey B. Granich
    Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120